IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANDRES DEL RIO TREJO,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>    Defendant. | Case No. 3:19-cv-01406-L |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff Andres Del Rio Trejo's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mot. Dismiss (ECF No. 6). For the reasons stated, the District Court should GRANT Defendant's Motion, DISMISS Plaintiff's Texas Property Code claims with prejudice, and DISMISS his negligence and breach of contract claims without prejudice.

### Background

Plaintiff originally brought this suit in the 68th District Court, Dallas County, Texas against Defendant to enjoin Defendant's attempted foreclosure of Plaintiff's real property located in Balch Springs, Texas.[1] In his Original Petition,

---

[1] According to documents provided by Defendant, which the Court considered only for background purposes, the property was sold at a foreclosure sale on June 4, 2019, but Plaintiff obtained a temporary restraining order the same day as the sale. Mot. Dismiss 2. Consequently, the sale was rescinded, and title to the property

1

Plaintiff alleged three causes of action: (1) negligence or negligent misrepresentation for Defendant's failure to assist Plaintiff in loss-mitigation prior to the attempted foreclosure (Orig. Pet. 3-4, ¶¶ 13-19 (ECF No. 1-1)); (2) violation of the Texas Property Code §§ 51.002(b)(3) and (d) for failure to comply with the statutory notice requirements before accelerating the Note and foreclosing on the property (*id.* at 4-5, ¶¶ 20-24); and (3) breach of contract for Defendant's failure to follow certain steps allegedly required by Department of Housing and Urban Development (HUD) regulations before accelerating the Note and foreclosing on the property (*id.* at 5-6, ¶¶ 25-30). Defendant timely removed the suit to federal court on the basis of diversity jurisdiction and filed the pending Motion to Dismiss. Plaintiff, who is represented by counsel, failed to respond. Therefore, the Court considers the Motion without the benefit of a response.

## Legal Standard

When deciding a 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual

---

returned to Plaintiff, subject to the Deed of Trust. Def.'s Ex. E at 2-4 (ECF No. 7-5).

allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, the pleadings, for the purpose of determining a Rule 12(b)(6) motion, include documents attached to the pleadings and to the motion to dismiss so long as they "are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

## Analysis

### I. Plaintiff fails to state a claim for negligence or negligent misrepresentation, and any such claim should be dismissed without prejudice.

Plaintiff's first claim is for "negligence." Orig. Pet. 3-4, ¶¶ 13-19. He alleges Defendant breached its duties "to provide notice of any transfer, assignment, or sale of the note, to properly manage the loan and the escrow amount, to comply with the notice provisions contained in the deed of trust before accelerating the note and foreclosing on the property, and, when applying for a mortgage modification, to protect [Plaintiff's] rights and not mislead [him]," and that he was damaged by Defendant's breach. *Id.* at 3, ¶ 13. He contends that Defendant's alleged duty arises out of HUD regulations, which he maintains are incorporated in the Deed of Trust. *Id.* at 3, ¶ 14. To the extent Plaintiff brings a claim for general negligence, however, his claim fails as a matter of law.

Contrary to Plaintiff's allegations, Texas does not impose a legal duty on a mortgagee or mortgage servicer to a mortgagor that would give rise to a negligence claim. *Scott v. Bank of Am., N.A.*, 597 F. App'x 223, 225 (5th Cir. 2014) (noting that there is no legal duty between parties to a contract absent some special relationship between them and holding that no such special relationship exists between mortgagor and mortgagee). And, regardless whether they are incorporated into a deed of trust, HUD regulations do not give rise to such an independent legal duty either. *Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 357 (5th Cir. 1977) ("[HUD regulations] deal only with the relations between the

mortgagee and the government, and give the mortgagor no claim to duty owed nor remedy for failure to follow."); *see also Baker v. Countrywide Home Loans Inc.*, 2009 WL 1810336, at *3, 5 (N.D. Tex. June 24, 2009) (noting that violation of HUD regulations could not form the basis of a wrongful foreclosure claim because such regulations impose no duty on mortgagee to mortgagor, but finding that if HUD regulations were expressly incorporated into a deed of trust, violation of them could form the basis for a breach of contract claim). Because no legal duty exists, Plaintiff cannot maintain a general negligence claim.

Plaintiff also alleges Defendant "failed to use reasonable care in communicating to [him] the options of loss mitigation" and "evaded" his inquiries about modifying his loan, and that this conduct constitutes "negligent misrepresentation." Orig. Pet. 3-4, ¶¶ 15-16. To state a claim for negligent misrepresentation under Texas law, a plaintiff must allege: "(1) the defendant made a representation in the course of his business, or in a transaction where he has a pecuniary interest; (2) the defendant provided false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence when obtaining or communicating this information; and (4) the plaintiff sustained a pecuniary loss by justifiably relying on the defendant's representation." *See Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395-96 (5th Cir. 2005) (internal quotation marks omitted) (quoting *Clardy Mfg. Co. v. Marine Midland Bus. Loans, Inc.*, 88 F.3d 347, 357 (5th Cir. 1996)). The alleged false information must be a misstatement of existing fact, rather than a promise of

future conduct. *Id.* Here, Plaintiff does not specify what existing fact Defendant allegedly misstated to him, how Defendant failed to exercise reasonable care in communicating the alleged misrepresentation to him, how he justifiably relied on the misrepresentation to his detriment, or what pecuniary loss he suffered as a result of his reliance on Defendant's misrepresentation. Plaintiff has thus failed to state a claim for negligent misrepresentation.

Finally, any claim sounding in negligence is barred by the economic loss doctrine, which "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007). Tort claims are generally not viable if the defendant's conduct "would give rise to liability only because it breaches the parties' agreement." *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). To determine whether a tort claim is "merely a repackaged breach of contract claim," a court considers whether the claim alleges a breach of duty created by contract rather than one imposed by law and whether the injury is only the economic loss to the subject of the contract itself. *Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 930-31 (N.D. Tex. 2014). In this case, Plaintiff fails to allege an existing duty arising outside the loan documents. *See id.* at 930 (holding that plaintiff's claims that defendants negligently made false statements regarding loan modification were barred by the economic loss doctrine because the plaintiff failed to allege a duty or an injury independent from the subject matter of the contract). Although Plaintiff alleges incorporated HUD regulations establish a

6

duty, as discussed above, they do not. And, while Plaintiff vaguely asserts Defendants breached the requirements of the "Consumer Financial Bureau" and "applicable law," he does not allege that the purported agency or applicable law establishes a duty or what that duty is. Orig. Pet. 4, ¶ 18.

Indeed, Plaintiff admits that "[a]s a result [of Defendant's alleged negligent misrepresentation], Defendant has breached the written *contractual agreements* and the covenants of the note[.]" *Id.* at 4, ¶ 18 (emphasis added). Such allegations fail to allege more than a mere speculative duty existing outside the written contract. With respect to his damages for this claim, Plaintiff further admits that "[a]s a result of Defendant's negligence, Plaintiff is in danger of being dispossessed of his property," and "has incurred additional charges to his loan balance and escrow account and is continuing to incur them to the present." *Id.* at 4, ¶¶ 17, 19. While Plaintiff also alleges "harm to his credit reputation, credit worthiness, and credit history" (*id.* at 3, ¶ 15), as discussed above, he has not alleged a valid *duty* arising outside of the written contract. Thus, Plaintiff's negligence or negligent misrepresentation claim as pleaded is barred by the economic loss doctrine and should be dismissed without prejudice.

Plaintiff cites *Federal Land Bank Association v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1992) for the proposition that a lender can be found liable to its customers for negligent misrepresentation in the servicing of a loan. *Id. Sloane* is inapplicable. While *Sloane* affirms a jury finding that a bank negligently misrepresented to loan applicants that their loan had been approved when it had

7

not, *Sloane* deals with the duty of a bank to use reasonable care when supplying information to its customers or potential customers. *See Sloane*, 825 S.W.2d at 442. Because no contract had yet arisen in *Sloane*, such a duty could not have arisen under a contract. Thus, the economic loss doctrine could not have applied.

## II. Plaintiff's Texas Property Code claims fail as a matter of law and should be dismissed with prejudice.

Plaintiff alleges that the Texas Property Code requires a mortgagee to (1) notify the mortgagor by mail that the deed of trust is in default and give him or her at least 20 days to cure and/or protest the default; and (2) give the mortgagor at least 21 days' notice of the sale. Orig. Pet. 4, ¶ 21 (citing Tex. Prop. Code §§ 51.002(b)(3), (d)). Plaintiff further alleges that when he received notice of acceleration from Defendant, he "raise[d] issues regarding his loan and payment history and pending loan workout alternatives," and, because those issues were not resolved, a foreclosure sale was premature. *Id.* at 4-5, ¶¶ 22. Plaintiff maintains that Defendant's notice of a foreclosure sale thus violated § 51.002 of the Texas Property Code.

Defendant argues that Plaintiff does not state a plausible Texas Property Code claim because he does not allege any facts to support his allegations and that, in any event, Defendant complied with the Texas Property Code. Mot. Dismiss 7-8. Regardless of whether Plaintiff has alleged facts that would raise a reasonable inference that Defendant has violated the Texas Property Code, Plaintiff cannot sustain his Texas Property Code claims. Plaintiff does not identify any section of

8

the Texas Property Code that creates a private cause of action or a remedy for a violation of § 51.002. Indeed, § 51.002 contains no language or provision creating a private cause of action. *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 569 (Tex. 2001) ("Section 51.002 establishes the procedures for conducting a foreclosure sale."). And this Court has recently held that § 51.002 does not provide for an independent cause of action. *Flores v. PennyMac Loan Servs., LLC*, 2019 WL 4720977, at *5 (N.D. Tex. Sept. 4, 2019), *rec. adopted*, 2019 WL 4691621 (N.D. Tex. Sept. 25, 2019). *See also Ashton v. BAC Home Loans Servicing, L.P.*, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013) ("This Court has not found any cases that interpret section 51.002 to establish an independent right of action for damages. The section also does not contain its own enforcement mechanism."); *Solis v. U.S. Bank, N.A.*, 2017 WL 4479957, at *2 (S.D. Tex. June 23, 2017) (citations omitted) ("Section 51.002 of the Texas Property Code, however, does not provide a private right of action."), *aff'd*, 726 F. App'x 221 (5th Cir. 2018) (per curiam) (finding Property Code issues waived on appeal); *Anderson v. CitiMortgage*, 2014 WL 2983366, at *5 (E.D. Tex. July 2, 2014) (citation omitted) ("Under Texas law, there is no independent cause of action for breach of section 51.002"). Thus, Plaintiff's claims for violations of the Texas Property Code fail as a matter of law, regardless of the level of detail with which Plaintiff pleaded them or whether Defendant complied with the Code. The claims should therefore be dismissed with prejudice.

### III. Plaintiff fails to state a breach of contract claim, and such claim should be dismissed without prejudice.

Plaintiff alleges that the Deed of Trust expressly provided that the acceleration of Plaintiff's loan and foreclosure on the property must comply with certain HUD regulations, particularly 24 C.F.R. §§ 203.604(b), 203.605, and 203.501.[2] Orig. Pet. 5, ¶ 27. He maintains that Defendant failed to follow the procedures set forth in these regulations and, as a result, breached the loan agreement. *Id.* at 5, ¶ 28. While HUD regulations do not impose an independent legal duty on a mortgagee to a mortgagor, a violation of HUD regulations can form the basis of a breach of contract clam if the parties expressly incorporate the regulations into their contract. *See Smith v. JPMorgan Chase Bank, N.A.*, 519 F. App'x 861, 864 (5th Cir. 2013).

The essential elements of a breach of contract claim are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff as a result of the defendant's breach. *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018) (per curiam); *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479,

---

[2] Section 203.501 requires mortgagees to consider "the comparative effects of their elective servicing actions" and to take actions reasonably expected to generate the smallest financial loss to HUD in foreclosures. 24 C.F.R. § 203.501. Section 203.604(b) provides that a "mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid." 24 C.F.R. § 203.604(b). Finally, § 203.605 imposes on the mortgagee a general duty to mitigate loss in default and discusses HUD's responsibility of measuring mortgagees' loss-mitigation performance. 24 C.F.R. §§ 203.605(a), (b).

501 n.1 (Tex. 2018). A plaintiff claiming breach of a note or deed of trust must identify the specific provision in the contract that was breached. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) (per curiam) (holding plaintiff mortgagor failed to state a contract claim where pleadings did not identify which provision of the deed of trust mortgagee allegedly breached); *King v. Wells Fargo Bank, N.A.*, 2012 WL 1205163, at *2 (N.D. Tex. Mar. 20, 2012) (collecting cases), *rec. adopted*, 2012 WL 1222659 (N.D. Tex. Apr. 11, 2012), *aff'd*, 533 F. App'x 431 (5th Cir. 2013) (per curiam). Here, Plaintiff does not point to the specific provision of the Deed of Trust Defendant breached. While Plaintiff does point to specific HUD regulations Defendant allegedly violated (Orig. Pet. 5, ¶ 27), he does not indicate where in the Deed of Trust those regulations are incorporated. Indeed, the Court can find no provision in the Deed of Trust that cites the specific regulations that Plaintiff does. To state a claim for breach of the Deed of Trust, Plaintiff must point to the specific provision of the Deed of Trust that was breached, and he has not done so.

Moreover, Plaintiff has not alleged performance or tendered performance. Nowhere in his Petition does Plaintiff state he was not in default or that he tendered the payments to Defendant that were past due. *See Jackson v. Bank of Am., N.A.*, 2014 WL 5511017, at *4-5 (S.D. Miss. Oct. 31, 2014) (finding that deed of trust provisions mirroring those present here expressly incorporated HUD regulations, but holding a breach of contract claim for violation of § 203.604(b) and others "invalid" because the plaintiff was in default); *Hill v. Wells Fargo Bank,*

11

*N.A.*, 2012 WL 2065377, at *5 (S.D. Tex. June 6, 2012) (holding that plaintiff's failure to perform her own obligations under a note and deed of trust precluded her from bringing a breach of contract action for mortgagee's subsequent alleged failure to comply with HUD regulations prior to accelerating the note). To state a claim for breach of the Deed of Trust, Plaintiff must allege his performance or tendered performance under the Deed of Trust, and he has not done so.

Because Plaintiff has not pointed to the specific provision in the Deed of Trust Defendant allegedly breached and has failed to allege that he was not in default when Defendant accelerated the loan, Plaintiff fails to state a contract claim. Such a claim should be dismissed without prejudice.

IV. Plaintiff has not demonstrated entitlement to injunctive or declaratory relief.

In his Petition, Plaintiff also seeks a temporary and a permanent injunction and declaratory relief. Orig. Pet. 1, 9. Injunctive and declaratory relief are forms of relief that depend on the success of underlying claims. *See Collin Cty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170-71 (5th Cir. 1990) (declaratory relief); *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (injunctive relief); *Johnson*, 999 F. Supp. 2d at 935 (both). Because all Plaintiff's claims are subject to dismissal, he cannot succeed on his claims for injunctive and declaratory relief.

## Recommendation

For the foregoing reasons, the District Court should GRANT Defendant's Motion to Dismiss. Plaintiff's Texas Property Code claims should be DISMISSED

with prejudice, and his negligence and breach of contract claims should be DISMISSED without prejudice.

    **SIGNED** January 21, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

    The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).