IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ANDRES DEL RIO TREJO,** | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:19-cv-1406-L** |
| **BANK OF AMERICA, N.A.**, | § | |
| Defendant. | § | |

# ORDER

On January 21, 2020, United States Magistrate Judge Rebecca Rutherford entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 12), recommending that the court grant Defendant Bank of America's ("Bank of America") Motion to Dismiss ("Motion") (Doc. 6), dismiss with prejudice Plaintiff Andres Del Rio Trejo's ("Plaintiff") claims for violations of the Texas Property Code, and dismiss without prejudice Plaintiff's claims for negligence and breach of contract. No objections were filed.

The court agrees with the Magistrate Judge's analysis with some modifications. First, with regard to Plaintiff's claims for violations of Sections 51.002(b)(3) and (d) of Texas Property Code, the court notes that although Texas does not recognize an independent cause of for violations of Section 51.002, federal courts have construed such assertions as a wrongful foreclosure claim. *See Carey v. Fargo*, 2016 WL 4246997, at *3 (S.D. Tex. Aug. 11, 2016) (citing *Warren v. Bank of Am., N.A.*, 2013 WL 8177096, at *5 (N.D. Tex. Nov. 15, 2013); *Anderson v. Nat'l City Mortg.*, 2012 WL 612562, at *6 (N.D. Tex. Jan. 17, 2012); *Johnson v. Vericrest Fin., Inc.*, 2010 WL 3464971, at *4 (N.D. Tex. Aug. 27, 2010)).

To state a claim for wrongful foreclosure under Texas law, Plaintiff must plead sufficient allegations showing: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Foster v. Deustsche Bank Nat'l Trust Co.*, 848 F.3d 403, 406 (5th Cir. 2017). Moreover, Plaintiff must no longer be in possession of the property at issue. *Id.* As Magistrate Judge Rutherford acknowledged, the property at issue has not been foreclosed. Thus, Plaintiff remains in possession of the property and is not entitled to remedy for wrongful foreclosure. Additionally, Texas does not recognize a cause of action for attempted wrongful foreclosure, so his claim fails on this basis as well. *See James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 446 (5th Cir. 2013) (citation omitted). Accordingly, the court determines that Plaintiff's claims for violations of the Texas Property Code, when viewed as a claim for wrongful foreclosure, also fail as a matter of law. Thus, as determined by the Magistrate Judge, Plaintiff's claims for violations of the Texas Property Code should be dismissed with prejudice, as any attempt to replead would be futile.

With regard to Plaintiff's negligence and breach of contract claims, Magistrate Judge Rutherford recommended that the course dismiss these claims without prejudice. When there are factual deficiencies in a complaint, as there are here, the court generally allows a party to replead its case. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). The court, however, declines to do so in this action because of the particular circumstances present.

Despite having a retained attorney, Plaintiff did not (1) respond to the motion to dismiss, (2) file objections to the Report, or (3) request an opportunity to amend his pleadings, all of which relate to the lack of prosecution of his claims. Moreover, parties routinely ask the court for a chance to amend when there are factual deficiencies, which Plaintiff did not do, although he has

had at least two opportunities to do so. Not only does this indicate a failure to prosecute but also indicates that Plaintiff is unable to set forth allegations to support his claims for negligence or breach of contract. Because of Plaintiff's failure to respond to the motion to dismiss, request leave to amend, and file any objections to the Report, the court can reasonably infer that Plaintiff has pleaded his best case. Moreover, as Plaintiff has not sought leave to amend, he would be unable to do so on appeal. *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) ("A party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals."). For the reasons herein stated, the court will dismiss with prejudice Plaintiff's negligence and breach of contract claims. If Plaintiff desires to seek leave to amend postjudgment, he should file a Rule 59(e) motion and demonstrate good cause for his untimely request and show his ability to plead sufficient allegations for his negligence and breach of contract claims.

Having reviewed the pleadings, file, record, and Report, the court determines that the findings and conclusions of the magistrate judge are correct as supplemented and modified herein, and **accepts** them as those of the court. Accordingly, the court **grants** Bank of America's Motion to Dismiss (Doc. 12), and **dismisses with prejudice** Plaintiff's claims for violations of the Texas Property Code, negligence, and breach of contract. As no claims remain, this action is also **dismissed with prejudice.**

**It is so ordered** on this 28th day of February, 2020.

/s/ Sam A. Lindsay
Sam A. Lindsay
United States District Judge